# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RABBI DR. ABRAHAM UNGER, Ph.D., | : : : | |
|       Plaintiff Pro Se, | : : | Civil Action No. 14-4074 (ES) |
| v. | : : | |
| JUDGE MAUREEN P. SOGLUIZZO, P.J.F.P, DANIEL PACILIO, ESQ., CHIEF JUSTICE STUART RABNER, MERYL G. NADLER, ESQ., and JUDGE GLENN A. GRANT, J.A.D, | : : : : : : : | ORDER |
|       Defendants. | : : | |

      This matter having come before the Court on Defendant Judge Maureen P. Sogluizzo's, P.J.F.P, ("Defendant") motion to set aside the entry of default;

      and the Honorable Esther Salas, United States District Judge. having referred the matter to the Undersigned;[1]

      and Plaintiff Rabbi Dr. Abraham Unger, Ph.D ("Plaintiff") opposing Defendant's motion, see Pl.'s Opp'n Br., D.E. 16;

      and the Court having considered the parties' submissions, the record, and the applicable law;

      and the Court deciding Defendant's motion [D.E. 7] without oral argument pursuant to

---

[1] A magistrate judge has the authority to set aside an entry of default, as it is not dispositive. See Home Box Office, Inc. v. Tel-A-View Elecs., Corp., Civ. No. 86-1491 (NLH/JS), 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986) (rejecting contention "that the clerk's entry of default is dispositive" and noting that "[a]n entry of default is not a default judgment.").

Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and Federal Rule of Civil Procedure 55(c) providing, in pertinent part, that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b);"

and a decision to set aside an entry of default being primarily left to a court's own sound discretion, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951));

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits." Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc., 192 F.R.D. 171, 173 (E.D. Pa. 2000); see also $55,518.05 in U.S. Currency, 728 F.2d at 194-95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'");

and the Third Circuit indicating that the standard for setting aside a default is less stringent than setting aside a default judgment, Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982) (stating that "[t]here is a distinction between a default standing alone and a default judgment," and "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); accord Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 601 (D.N.J. 2003);

and the Third Circuit requiring that courts consider four factors when deciding to vacate the entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally whether the defendant asserts a meritorious defense; see 55,518.05 in U.S. Currency, 728 F.2d at 195;

and the Court finding that Defendant has asserted a meritorious defense;[2]

---

[2] Whether a defendant asserts a meritorious defense is traditionally the most important factor. See Paris v. Pennsauken Sch. Dist., No. 12-7355 (NLH/JS), 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). A meritorious defense requires more than a mere denial of the claims; indeed, a defendant must "set forth with some specificity the grounds for his defense." Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Tozer, 189 F.2d at 244; see also World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. See Emcasco, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. See id.

In this case, Plaintiff filed a Complaint on June 25, 2014, asserting violations of 42 U.S.C. § 1983 against Defendant for her alleged unconstitutional rulings in Plaintiff's child custody proceedings in New Jersey Superior Court, Hudson County. See Compl., D.E. 1. Thereafter, on July 9, 2014, Plaintiff filed an Amended Complaint modifying the factual background, but not adding any new defendants or claims. See Am. Compl., D.E. 3.

In response, Defendant asserts that she has valid immunity defenses to Plaintiff's claims. See Luanh L. D'Mello Cert. in Supp. of Mot. to Vacate (D'Mello Cert."), at ¶ 9, D.E. 7-1. To that end, concurrently with the motion to vacate, Defendant filed a motion to dismiss, arguing, among other things, that she is entitled to absolute judicial immunity. See Mot. to Dismiss, at 12-14, D.E. 8. Specifically, Defendant contends that the conduct that Plaintiff complains of consists of court rulings made in Defendant's capacity as the judge presiding over Plaintiff's divorce proceedings. See id. at 13. Defendant thus asserts that the alleged conduct falls within the scope of her judicial duties and is therefore subject to absolute immunity. See id. The Court does not need to make a finding as to whether any of the Defendant's defenses are meritorious. See Addison v. Reitman Blacktop, Inc. 272 F.R.D. 72, 81 (E.D.N.Y. 2010). However, the Court finds that Defendant's asserted immunity defense, if proved at trial, has the potential to be meritorious, and thus, weighs in favor of granting Defendant's motion. See Johnson v. New Jersey, 869 F. Supp. 289, 293-94 (D.N.J. 1994) (concluding that the judge presiding over plaintiff's divorce and child custody action was absolutely immune from plaintiff's subsequent civil rights suit because the judge was acting in his judicial capacity and had jurisdiction to decide plaintiff's divorce and custody dispute). The Court engages in this analysis solely in the context of weighing whether to vacate default, and takes no position on whether Defendant will ultimately succeed in any of her defenses.

3

and the Court also finding that setting aside Defendant's default will not prejudice Plaintiff;[3]

and the Court further finding that Defendants are not culpable for their failure to respond;[4]

---

[3] Courts have explained that "[p]rejudice only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." See Paris, 2013 WL 4047638, at *3.  Prejudice does not exist here for several reasons.  First, this matter is in its early stages.  Indeed, the Court has not held any conferences and discovery has yet to begin.  Second, Defendant promptly responded to the Complaint after the Court Clerk entered default.  The Clerk of the Court entered Default against Defendant on August 5, 2014.  Ten days later, on August 15, 2014, Defendant filed the instant motion and her response to the Amended Complaint, that is, the motion to dismiss.  Given the short time between the deadline to respond to the Complaint and Defendant's filing of her responsive pleading, that is, ten days, the Court does not find that Plaintiff has suffered prejudice.

[4] In general, a defendant's conduct is culpable where it results from "actions taken willfully or in bad faith."  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123-24 (3d Cir. 1983); see also Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that culpable conduct includes acts "intentionally designed to avoid compliance with court notices . . . [and reckless] disregard for repeated communications from plaintiffs and the court.").

Defendant's failure to timely respond to the Amended Complaint in this case was inadvertent and not "willful" or in "bad faith."  See Gross, 700 F.2d at 123-24.  The record establishes that Plaintiff filed her Complaint on June 25, 2014, see Compl., D.E. 1, and thereafter amended the Complaint on July 9, 2014, see Am. Compl., D.E. 3.  On July 11, 2014, Plaintiff served Defendant, see Executed Summons, D.E. 4, therefore making Defendant's response due on August 1, 2014, see Fed. R. Civ. P. 12(a)(1)(A)(i).   On July 29, 2014, Deputy Attorney General Luanh D'Mello, counsel for all Defendants, applied to the Clerk of the Court for an extension of time to answer or otherwise respond to the Amended Complaint.  See App. For Extension of Time, D.E. 5.  In that application, counsel failed to include Defendant Judge Sogluizzo.  See D'Mello Cert., at ¶ 5, D.E. 7-1; see also App. For Extension of Time, D.E. 5.  As a result, the Clerk granted the application as to all Defendants except Judge Sogluizzo.  See id. at ¶ 6.  Thereafter, upon Plaintiff's request, the Clerk of the Court entered default against Judge Sogluizzo.  See id. at ¶ 7.  Based on this record, the Court cannot find that Defendant acted willfully or in bad faith.  Rather, the record establishes that Defendant's failure to timely respond to the Amended Complaint was inadvertent.  Indeed, Defendant promptly responded to the Amended Complaint by the deadline provided by the Clerk of the Court, August 15, 2014.  Given Defendant's inadvertence and prompt response, this factor also weighs in favor of vacating default.  See, e.g., Emcasco, 834 F.2d at 75 (finding excusable neglect where defendant filed an answer six months after the due date).

4

and the Court finding that it need not impose alternative sanctions;[5]

and therefore the Court concluding that good cause exists to vacate the entry of default;

**IT IS on this 9th day of March, 2015,**

**ORDERED** that the Defendant's motion to vacate the entry of default [D.E. 7] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment [D.E. 9] is **DENIED** as moot.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Entry of default "should be a sanction of last, not first, resort, and courts should try to find some alternative." Paris, 2013 WL 4047638, at *5. Here, no evidence exists in the record to support the harsh sanction of entry of default; indeed, as set forth above, Defendant asserts a meritorious defense, and did not default intentionally, or in bad faith.